## W. C. BLAIR *v.* T. J. MESHEW.

**Malicious Prosecution—Pleading.**

In an action for malicious prosecution, the petition must show a final termination of the prosecution in plaintiff's favor and must show malice and want of probable cause.

**Criminal Law—Former Jeopardy.**

Where after all the evidence in a criminal action for malicious prosecution was introduced, the prosecuting attorney had the jury withdrawn and the indictment dismissed, it constitutes a bar to another prosecution for the same offense.

**Malicious Prosecution—Submission to Jury.**

Where the facts and circumstances are shown from which malice and want of probable cause may be legitimately presumed, the cause may be submitted to the jury.

**Dismissal and Non-Suit—Sufficiency of Evidence.**

A non-suit should not be granted where there is enough evidence to authorize the submission of the case to the jury.

**Malicious Prosecution—Probable Cause.**

In an action for malicious prosecution, all that the defendant is required to show is that the circumstances were such as would induce a prudent person to believe the party guilty of the offense charged and that defendant acted under such belief when he instituted the prosecution.

**Witnesses—Plaintiff in Malicious Prosecution.**

In an action for malicious prosecution, plaintiff is a competent witness in his own behalf.

APPEAL FROM HICKMAN CIRCUIT COURT.

September 18, 1873.

OPINION BY JUDGE PRYOR:

It is essential for the plaintiff in an action for malicious prosecution to allege and show malice and want of probable cause.

It must also appear that there has been a final termination of the prosecution against him resulting in his favor, an acquittal or discharge, so that no further prosecution can be had.

The defense in this case is that the appellee had probable cause for procuring the indictment. The appellant has shown in this case his arraignment and trial under the indictment upon a plea of not

guilty and an acquittal. It appears from the record that the attorney for the commonwealth, after having all the evidence adduced before the jury upon the issue made, on his own motion had the jury withdrawn and dismissed the indictment. This is as much a bar to another prosecution as if the jury had written a verdict of not guilty and as between him and the commonwealth established his innocence of the offense charged. The plaintiff in the action makes a statement as a witness, which, if credited, rendered it impossible for him to have committed the forgery. There was no evidence on the part of the defendant. His answer, taken with the facts proven, presented such a case as should have gone to the jury. They might or might not have inferred malice or want of probable cause. If facts and circumstances are shown from which malice and want of probable cause may be legitimately presumed the case should always go to the jury. We pass no judgment upon the fact but only say that a non-suit should never be granted when there is enough evidence to authorize its submission to the jury. The case referred to by counsel for appellee in Littell Select Cases, page 7, is not analogous to this case. There the court dismissed the proceedings without any trial and in such a case express malice must be shown. In the present case there was a trial and an acquittal or such a discharge of the accused as was equivalent to an acquittal. We might further add in regard to the plea of probable cause that all the defendant is required to show is that the circumstances were such as would induce a prudent man to believe the party guilty of the offense charged in the prosecution and that he acted under such belief when he instituted it.

The appellant was a competent witness in his own behalf. There is no exception in the statutes permitting parties to testify that would exclude him. If against public policy the legislature has failed to make the exception, and the same objection here urged would apply in every civil action where parties are called on or permitted to testify.

For the reasons indicated the judgment of the court below is reversed and cause remanded with directions to award the appellant a new trial and for further proceedings consistent with this opinion.

*Bigger & Moss, for appellant.*

*Bradleys, for appellee.*